## EATON vs. NORTH.

TAX DEED. *Right of grantee in defective tax deed to a new deed. Effect of ch. 32, Laws of 1866, and in what cases it applies.*

| 32 | 303 |
|----|-----|
| 88 | 333 |

1. Under ch. 32, Laws of 1866, where the grantee in a tax deed defective in form has assigned his interest, a new deed, issued in lieu of such defective one, to be valid, must run to the assignee and not to his assignor.

2. But said act, which provides that no new deed shall be issued under its provisions after three years from the recording of the insufficient or defective one, cannot be applied to deeds of that character which had already been recorded more than three years before the passage of the act; the legislature not having the power to cut off the rights of the grantee therein to a proper deed, without giving him a reasonable time within which to exercise such right.

3. Where an insufficient tax deed had been recorded more than three years before the act of 1866 took effect, a deed in proper form issued in lieu thereof to the person named as grantee in the prior defective deed was good, although his interest had passed by deed to plaintiff. *State ex rel. White v. Winn* (19 Wis., 304), followed.

4. The fact that twenty-seven years had elapsed from the tax sale, and fifteen years from the issue of the former deed, did not invalidate the second deed or deprive the grantee of his right thereto.

APPEAL from the Circuit Court for *Calumet* County.

This is an action brought by the plaintiff as assignee of the grantee named in a certain tax deed, to foreclose the right, title and interest of the defendant, who was the former owner of the lands described in such deed, in and to the same.

The complaint sets forth a copy of such tax deed, in which H. Eugene Eastman is named as grantee. It bears date December 31, 1867, and seems to be in the form prescribed by the statute. Laws of 1859, ch. 22 (Tay. Stats., 437, § 166). It further alleges that the land was sold for the nonpayment of the taxes assessed thereon in the year 1840, and that a deed was issued pursuant to such sale, in 1852, to said Eastman, who was then the owner and holder of the certificate of such sale, but such deed was void for want of the name of the purchaser at the tax sale, whereupon the tax deed upon which this action is founded, was executed by the proper officer to Eastman in place of the deed of 1852. The tax deed of 1867 was recorded February 6, 1868. The complaint also states that all of the title which Eastman acquired under both deeds was duly conveyed by him to the plaintiff in 1858. The remaining averments of the complaint are those required by the law of 1859, and no exception is taken to them.

The defendant interposed a demurrer to the complaint, assigning several grounds of demurrer; but the one relied upon is, that the complaint does not state facts sufficient to constitute a cause of action.

The circuit court made an order overruling such demurrer, and from this order the defendant appealed.

*Gillet & Taylor*, for appellant, argued that the allegations of the complaint show that the deed upon which the action is founded is not in the form prescribed by law for such a deed, nor issued to the person entitled to receive it (sec. 1, ch. 32, Laws of 1866, amended by sec. 1, ch. 99, Laws of 1867; Tay. Stats., 439, § 170); that under the statutes cited, it should have been issued to the assignee of Eastman; that since the passage

of the act of 1866 all deeds issued in place of informal or insufficient ones theretofore issued must be in the form there prescribed; that a tax deed must be in the form prescribed by the statute in force when it is executed, and not in that prescribed by the statute in force when the sale was made (*Lain v. Cook*, 15 Wis., 446; *Lain v. Shepardson*, 18 id., 59, 321; 21 id., 355, 527, 503; 22 id., 429); and that although certain provisos of the act could not apply to a case where the informal deed had been recorded three years before the passage of the act, that does not render inapplicable the other provisions which relate to the form of the deed. *Robinson v. Howe*, 13 Wis., 341; *Slauson v. Racine*, id., 398; *State ex rel. Chandler v. Main*, 16 Wis., 398. 2. Counsel further argued that under the statute prescribing the form of the tax deed, where a person holds several tax certificates issued to several different persons, he must take a separate deed for the certificates issued to each of his assignors, or at least his deed must recite the name of the purchaser of each of the several tracts of land, and show that he is the assignee of each of said parties; and that the tax deed here relied on was insufficient in that respect. Tay. Stats., 437, § 166; 22 Wis., 429, 431. 3. They insisted that the deed was void on its face, because issued more than twenty-seven years after the tax sale, and twenty-five years after the party holding the tax certificate was entitled to his deed; that by analogy to the statute of limitations his right ought to be debarred; and that, the action being an equitable one, the statute upon which it is founded should not be so construed as to apply to cases stale and inequitable.

*R. P. Eaton*, respondent, in person, argued that the *proviso* in the statute relied upon by defendant (Tay. Stats., 439, § 170), declaring " that no new deed shall be issued under the provisions of this section after the period of three years from the time when such informal or insufficient deed was recorded," etc., limits the operation of the section to cases in which the insufficient deed had not already been recorded for three years (13 Wis.,

398; 21 id., 367, and authorities there cited), and therefore that section cannot be applied to this case; and that Eastman, being the owner of the certificates, was clearly entitled to a deed, under 19 Wis., 304.

LYON, J.   I.  It is claimed, in support of the demurrer, that the last tax deed should have been issued to the plaintiff instead of Eastman, it appearing by the averments in the complaint that Eastman had no interest in the premises conveyed by it when the same was issued to him.   In a similar case decided in 1865, this court held that the second deed could not properly be issued to a person holding a quitclaim deed of the premises from the assignee of the tax sale certificate, but must be issued to the latter.   *State ex rel. White v. Winn*, 19 Wis., 304.   That decision is conclusive against the position of counsel for the defendant above stated, unless the law has been changed in that respect by the legislature.   Ch. 32, Laws of 1866, provides for issuing a second tax deed, when the first is void or defective for any reason, to the assignee of the grantee named in the first deed.   It is claimed that this law is applicable to the tax deed dated December 31, 1867, and is the only authority for issuing such second deed.   If this view is correct the second deed is void, because Eastman, and not the plaintiff, is named therein as grantee; and the demurrer to the complaint should have been sustained.

But we are of the opinion that the law of 1866 is not applicable to this deed.   It contains a *proviso* to the effect that no deed shall be issued under its provisions after three years from the recording of the insufficient or defective deed.   If that law applies to this deed, then there was no legal authority for its issue to any person, because more than three years had elapsed after the recording of the void or defective deed before the law was enacted, and the plaintiff is remediless.   But it is well settled that the legislature has no power thus to destroy the right of Eastman or the plaintiff to a proper deed, although it might

have fixed a reasonable time within which the right should be exercised. Hence, if it was the intention of the legislature that the act should apply to cases like the present one, the act is void as to such cases, and leaves them as they stood before the act was passed.

It has been very ingeniously argued that the act above mentioned is applicable to the tax deed under consideration in part, and in part not applicable. The argument is not satisfactory. It seems to us that the more reasonable doctrine is, that the legislature did not intend that the act should apply to cases where the defective tax deeds had been recorded more than three years before the enactment thereof, but left that class of cases untouched. It is fair to assume that had it been intended that the act should reach *all* cases of defective tax deeds, the *proviso* would have been very differently worded. Its operation would have been restricted to cases within the power of the legislature. We are unable to find any good reason for holding that one part of the law was designed to operate in all cases, and another part only in a particular class of cases. The language admits of no such construction. (Tay. Stats., 439, § 170.)

It follows from these views that the second tax deed was properly issued to Eastman instead of the plaintiff.

II. The only other objection to the tax deed set out in the complaint which it is necessary to notice, is, that it could not properly be issued after the lapse of twenty-seven years from the sale, and fifteen years from the date of the defective deed. It is claimed that by analogy to the statute of limitations, the court should hold that the right to a second deed was barred by lapse of time.

The difficulty with this position seems to be, that there is no statute and no rule of the common law which limits the time within which the second tax deed might issue, or which authorizes us to resort to the statute of limitations enacted for other and different cases, and hold the same applicable *by analogy* to

this case. It is true that a person may prescribe for an ease-
ment, after twenty years adverse user of the same, and this
time is said to be fixed by analogy to the statute of limitations.
But the right by prescription, is, after all, a right given by the
common law. In this case, as before observed, there is no
common law rule which we can apply, and thereby cut off the
right of Eastman or of the plaintiff to a valid deed, because of
the delay in obtaining it.

We think that the demurrer to the complaint was properly
overruled.

*By the Court.*— The order of the circuit court overruling the
demurrer is affirmed. .