Hotson vs. Wetherby.

Hotson, Respondent, vs. Wetherby, imp., Appellant.

*September 11 — October 2, 1894.*

Tax Titles. (1, 2) *Separate sale of several tracts: Recital in deed: Presumption.* (3, 7) *Recording of tax deed: Supplying omitted entry in index.* (4-6) *Issuance of deed on tax certificate: Limitation: Laches or abandonment of right.* (8) *Irregularities in prior proceedings: Limitation.*

1. A tax deed in the form prescribed by sec. 1178, R. S., reciting that several blocks (described therein and with the amount set opposite to each) "were, for the nonpayment of taxes, sold . . . for the sum of $80 *in the whole*, which was the amount of taxes assessed

and due and unpaid on said blocks," etc., does not show that said blocks were sold for a gross sum,— the words "in the whole" meaning merely that the amounts, as stated in the certificate, opposite each block, and for which they were sold, aggregated $80.

2. A tax deed of several tracts is, without any recital on the subject, presumptive evidence that they were sold separately as prescribed by law.

3.· It is not necessary to the validity of a tax deed that it should be recorded within the time limited by sec. 1182, R. S., for the issuance thereof.

4. Under sec. 1, ch. 112, Laws of 1867 (sec. 1182, R. S.), providing that the limitation of six years for the issuance of deeds on tax certificates shall not apply to certificates issued to or held by counties, or to their assigns, until six years from the date of their assignment by the county, the time limited does not begin to run from the mere acceptance by the county of a bid for the certificates, not amounting to an assignment *in præsenti*.

5. Sec. 32, ch. 22, Laws of 1859 (sec. 1187, R. S.), providing that no action by the grantee in a tax deed to recover possession of the land should be maintained unless brought within three years after the recording of the deed, cannot be construed as prescribing any limitation in respect to tax certificates or the issuance of deeds thereon.

6. In the absence of any statutory bar upon the issuance of a deed upon a tax certificate, or of any presumption of payment or redemption which might arise after the lapse of twenty years or after long-continued adverse possession, the evidence of abandonment or laches must be clear and decisive to have the effect of depriving the holder of the certificate of his right to a deed thereon.

7. Where the description of the land affected by a tax deed was not entered upon the general index at the time the deed was spread, upon the record, the subsequent insertion, in the place for such description, of the words "See record" makes the record complete and operative from the time of such insertion, if the index correctly refers to the volume and page where the deed is recorded at length.

8. Under sec. 1188, R. S., a tax deed, fair on its face and properly recorded more than three years before the commencement of the action, cannot be impeached by evidence of defects or irregularities in the tax proceedings prior to its execution.

APPEAL from the Circuit Court for *Douglas* County. The respondent filed a petition in the circuit court for Douglas county, in the matter of the proceedings of the

Northwestern Coal Railway Company, for the condemnation of block 42 on East St. Croix street in the city of Superior for railway purposes, claiming that the sum of $1,500, paid into court by the company as compensation for taking said premises, should be paid over to him as the owner thereof; and he made the appellant and one Burhans parties to his petition, on the ground that they severally claimed said premises and said fund. Burhans made no contest of the respondent's claim, but the appellant, *Wetherby*, answered, setting up that he was the owner of the patent title, and claiming that the title asserted by the respondent under and through a tax deed to Annette Relf was void and of no effect, for reasons fully set forth in his answer.

It was admitted that the appellant was the owner of the patent title, and that the respondent was the owner of whatever title to the premises passed by the tax deed to Annette Reif; and it appeared that up to the time of the hearing the block in question was vacant and unoccupied. The tax deed was executed January 3, 1876, and recorded on the 7th of the same month; but the entry of the deed in the index of the record thereof was imperfect, in that the blocks affected by the instrument were not described under the proper head. It so remained until some time not earlier than 1882 nor later than 1886, when the register of deeds added, in the place for such description, after the words "Blocks in Superior," the words "See record;" the volume and page where the deed was in fact recorded at length then appearing on said index. The respondent relied on the three years statute of limitations having made his title under the tax deed perfect. It was admitted that there had been no redemption made or attempted from the tax sale mentioned in the deed. To the admission in evidence of the tax deed, it was objected, among other things: (1) That it was not fair on its face; (2) that it was issued more than sixteen years after the tax-sale purchaser had

forfeited his right to a deed by lapse of time and by the statute of limitations; (3) that it was not executed and acknowledged so as to entitle it to be recorded; (4) that it was not recorded until after the right to record it expired; (5) that the record was not sufficiently indexed. These objections were overruled.

The appellant, on his behalf, offered in evidence the record of the board of supervisors of Douglas county, showing that on December 31, 1869, the board opened and considered the bids for the tax certificates belonging to the county, when the bid of one Moore was accepted, offering "to pay for all certificates remaining unredeemed the sum of twenty cents on the dollar, for the face of said certificates," etc., "and, as a guaranty of good faith, will deposit $200 with the clerk of the board, the balance to be paid on delivering of said certificates to me, after being examined and itemized by said clerk." The certificate on which the deed was issued was offered in evidence, with the indorsements thereon, showing that the sale was made to Douglas county, and the certificate was dated September 13, 1859. It was indorsed as follows: "This certificate assigned to I. I. Moore, January 19, 1870, at twenty cents on the dollar," etc. "Richard Relf, Clerk of the Board of Supervisors;" and another, "Deeded to Annette Relf," to whom it was shown that Moore had assigned the certificate. Evidence to show that the proper notice of the tax sale was not given, nor of the expiration of time for redemption of the premises, was offered; but all proof of defects in publishing and posting said notices was excluded, on the ground that the statute of limitations had barred such inquiries.

The court found that the title of the respondent was perfected and complete under the statute of limitations, R. S. sec. 1188.

For the appellant there were briefs by *Pickering & Hartley* and *True & Neal,* and oral argument by *W. T.*

*Hartley.* They contended, *inter alia,* that under secs. 18, 25, ch. 22, Laws of 1859, a tax deed was due the purchaser at the end of three years from the date of sale, on surrender of the certificate. Failure to surrender the certificate and demand a deed after a reasonable time will be construed as an abandonment of the purchase and a forfeiture of the rights acquired thereby. *Ockendon v. Barnes,* 43 Iowa, 615; *Kipp v. Hill,* 40 Minn. 188. That the county was purchaser and held the certificate for more than ten years after the sale could make no difference, for it had the same opportunity to have a deed if desired as would an individual. Under sec. 32, ch. 22, Laws of 1859 (sec. 1187, R. S.), if the purchaser obtained and recorded his tax deed when it was due to him, he could bring no action thereon unless it was. brought within three years from that date, or six years. from the date of the tax sale. He could not by his own laches extend the time of that statute of limitations in his. own favor. And if he neglected to get a deed and have it recorded so that his action for possession was maintainable before the period of that limitation expired, he was barred from taking such steps at any future time, and must be held by his own laches to have abandoned his purchase and forfeited every statutory right acquired. *Hintrager v.. Hennessy,* 46 Iowa, 600; *Bailey v. Howard,* 55 id. 290; *Griffith's Ex'rs v. Carter,* 64 id. 193; *Hintrager v. Traut,* 69 id. 746; *La Rue v. King,* 74 id. 288; *Innes v. Drexel,* 78 id. 253; *Stewart v. M. & St. L. R. Co.* 36 Minn. 355. If not by the three year limit of the law of 1859, then certainly by the six year limit of ch. 112, Laws of 1867 (now in sec. 1182, R. S.), the making and recording of the tax deed in question was barred because it was not made within six years from the contract of purchase from the county, and because, not having been properly indexed, it was not recorded within six years from the date of assignment of the certificate, as required. *Shove v. Larsen,* 22 Wis. 142;

*Lombard v. Culbertson,* 59 id. 433. Our position is that the deed must be recorded as well as made by the expiration of the six years here mentioned. Otherwise the act affords no protection to the former owners or any other person, and would have no beneficial effect. A tax deed has no valid effect until recorded. Action does not lie against the holder until it is recorded; no action can be begun by him to recover the property until it is recorded; and the right of redemption continues, the same as though no deed was made, until it is recorded. So, for all effects and purposes the recording of a tax deed is essential to its validity; and the recording was clearly within the intent of said legislative action. If not by the three years limit of the law of 1859, or the six years limit of the law of 1867, then certainly by the fifteen years limit of ch. 87, Laws of 1877 (now in sec. 1182, R. S.), the recording of the tax deed in question was barred. This position is also based upon the proposition that the deed must be properly recorded as well as made by the expiration of the time named. The record of the deed in question was not properly indexed within the fifteen years next after the tax sale, nor until after the said act of 1877 went into effect. *Goffe v. Bond,* 69 Wis. 366. After the deed had been once recorded, the register had no authority to alter or correct the same, and certainly not to insert matter of correction without memoranda showing by whom made. Such action would tend to destroy rather than help the attempted record of an instrument. *Elliott v. Piersol,* 1 Pet. 341; *Foster v. Dugan,* 8 Ohio, 87; *Farmers' & M. Bank v. Bronson,* 14 Mich. 361; *Burton v. Martz,* 38 id. 762; *Jennings v. Dockham,* 99 Mich. 253.

*D. E. Roberts,* for the respondent.

PINNEY, J. The principal objections made to the respondent's title are laches in taking and recording the tax

deed, and that, by abandonment of the purchase, all rights under the certificate of sale were lost before the deed was issued; that it was not properly recorded so as to give constructive notice of its existence and afford a basis for the statute of limitations of three years; and that the issue of the deed had been barred by the statute before its date, and that the completion of the index entry of the registry of the deed was void and inoperative, and, until lawfully recorded, the deed was wholly void and ineffectual.

1. The tax deed is in the form prescribed by the statute (sec. 50, ch. 22, Laws of 1859; R. S. sec. 1178), and the objection that it shows on its face a sale of the thirty or more blocks included in it for a gross sum of $80 is not maintainable. The recital is that these several blocks (describing them, and set opposite each the amount) " were, for the nonpayment of taxes, sold by the treasurer of said county, at public auction, at," etc., " on," etc., " to the said Douglas county, for the sum of $80 *in the whole, which was the amount* of taxes assessed and due and unpaid on said blocks," etc.; and is in strict conformity with the statutory form. The words " in the whole" mean in this connection, not that the blocks were sold in gross, but that the amounts, as stated in the certificate, opposite each block, and for which they were sold, aggregated $80. It was not necessary to expressly recite that the blocks were sold separately, and, as it does not appear that they were sold in gross, the deed is " presumptive evidence of the regularity of all the proceedings, from the valuation of the land by the assessor up to and including the execution of the deed," and hence was evidence that the several blocks were separately sold, as prescribed by law. Laws of 1859, ch. 22, sec. 25 (R. S. sec. 1176). The tax deed, when delivered, was perfect and passed or might pass the legal title. The section referred to provides that the deed "may be recorded with like effect as other conveyances of land."

We have not been referred to any statute, nor are we aware of any, that makes recording of the tax deed essential to a complete and valid conveyance, though important advantages may result from its registration, as is the case in respect to other conveyances.

2. The block in question was sold at the tax sale, September 13, 1859, to Douglas county, and the certificate of such sale was transferred to one Moore, January 19, 1870, and subsequently to Annette Relf, the respondent's remote grantor, to whom the tax deed in question was issued January 3, 1876, and it was filed for record and recorded imperfectly, as it appears, January 7, 1876. The right to have a tax deed issued on the certificate was not barred by the six years statute of limitations (sec. 1, ch. 112, Laws of 1867, as amended and embodied in R. S. sec. 1182), for the reason that the county continued to own and hold the certificate until January 19, 1870; and the deed in question was issued and delivered within six years after the date of the assignment of the certificate to Moore. The acceptance by the county board, December 31, 1869, of Moore's bid for the tax certificates owned by the county, did not amount to an assignment of them *in præsenti,* but amounted to an executory agreement to thereafter assign them. By the agreement, Moore was to pay the county twenty cents on the dollar on the face of the certificates, taxes, and redemption printing, and to deposit $200 with the clerk as a guaranty of good faith, and the certificates were to be examined and itemized by the clerk of the board,— that is to say, the amount to be paid for them was to be ascertained,— and the balance of the purchase price was to be paid, and the certificates thereafter assigned and delivered to Moore; and it appears that the transfer to him was not made until January 19, 1870. The tax deed in question was issued January 3, 1876, within six years after such assignment of the certificate; so that neither the limitation of six years

nor that of fifteen years, prescribed by the statute referred
to, is applicable to the case, although the tax deed was not
lawfully recorded until after the period of fifteen years
from and after the date of the tax sale. It is plain that
sec. 32, ch. 22, Laws of 1859 (R. S. sec. 1187), does not pre-
scribe any limitation in favor of or against tax certificates
of sale. Its entire operation is plainly confined to tax deeds,
and any other conclusion would not be within the legiti-
mate limits of construction.

3. We do not think that the appellant's contention that
the right to a tax deed on the certificate in question had
been lost by laches or abandonment is tenable. Without
considering the question whether the common-law presump-
tion of payment or redemption would not arise in such a
case after the lapse of twenty years, or whether such pre-
sumption might not arise after long-continued adverse pos-
session of the premises, we are clear that, independent of
any such considerations, the evidence of abandonment or
laches must be clear and decisive to have the effect con-
tended for by appellant's counsel. The certificate in ques-
tion was a part of the property of Douglas county, and
before eight years after its date had expired the statute
(ch. 112, Laws of 1867) was enacted, inaugurating a new
policy, by which limitations of six and fifteen years upon
the issue of tax deeds on certificates of sale were pre-
scribed. This act plainly contemplates that counties or
municipal corporations might thereafter sell and assign any
tax certificates they then owned, and that the right to have
a tax deed issued on them should not be barred until six
years after such assignment. It is conceded that the owner
of the patent title has never redeemed, or offered to re-
deem, the premises, and he cannot point to any limitation
that has extinguished his duty or liability to redeem or
lose his land. There is no ground, we think, to impute
laches or abandonment on the part of the county, such as

to operate to bar its rights; and it is clear that there has been no laches or evidence of abandonment on the part of its assignees. In *Eaton v. North,* 32 Wis. 303, a tax deed void on its face had been issued on a sale made twelve years previously, and no action had been taken by the claimant under it to obtain a valid deed until fifteen years after the date of the first deed; but it was held that his right to a valid deed had not been impaired or lost by lapse of time, and that there was no statute or common-law rule which could be applied, even by analogy, to cut off his rights. The policy and legislation of the several states on questions of taxation and the sale and conveyance of lands for taxes vary materially, and are necessarily of local application; and though counsel for the appellant cited several Iowa decisions which seemed to sustain his contention on this point, for reasons already stated we must regard the question in this state as one not open for discussion.

4. Although the register of deeds did not properly record the tax deed of January 7, 1876, his duty to do so was of continuing obligation; and it is well settled that an omission to make proper entries in the general index at the time the deed is spread upon the record may be remedied after such recording by making the proper entries, and, when so made, the record will be good from that date, and it will not be necessary to again record the deed at length. *Lombard v. Culbertson,* 59 Wis. 442; *Oconto Co. v. Jerrard,* 46 Wis. 317. The insertion of the words "See record" in the index, under the column for description of the premises conveyed, was made by the register of deeds between 1882 and 1886; and the reference to the volume and page made the record complete and operative from the time of such insertion. *St. Croix L. & L. Co. v. Ritchie,* 73 Wis. 409; *Hall v. Baker,* 74 Wis. 118; *Lander v. Bromley,* 79 Wis. 372; S. & B. Ann. Stats. sec. 759*a.*

5. As the tax deed under which the respondent claims

title is fair on its face and was properly recorded more than three years before the commencement of this action, the appellant's claim of title was barred by the three years statute of limitations on the tax deed (R. S. sec. 1188); and the evidence offered by appellant to impeach the tax deed, showing defects and irregularities in the tax proceedings prior to its execution, was properly excluded. The respondent's title under the tax deed, according to repeated decisions of this court, was absolute and conclusive, and he was lawfully entitled to the money paid into court under the condemnation proceedings.

*By the Court.*— The order of the circuit court is affirmed.