Kennan, Respondent, vs. Smith and others, Appellants.

*September 25—October 21, 1902.*

*Pleading: Amendment: Statute of limitations: Tax titles: Void sale of tax certificates: Ejectment: Judgment.*

1. In ejectment where defendants knew or ought to have known, when they answered, both the date of the execution and recording of the tax deed which they pleaded and the date of the

commencement of the action, there was no abuse of discretion in refusing to permit them, after they had obtained a statutory new trial, to amend their answer by setting up the statute of limitations in favor of such deed.

2. The fact that the county board sold tax certificates at less than their face value without having given notice of their intention so to do, although under sec. 664, Stats. 1898, it may make the sale void so that it could be successfully attacked within the three years limited by sec. 1188, is in no proper sense jurisdictional, but is merely one of those irregularities which that statute of limitations was intended to cure.

3. Where a judgment for plaintiff in ejectment is reversed as to one defendant because he has a perfect title to the land, it will be reversed as to the other defendants also, since plaintiff can only recover on the strength of his own title.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is an action of ejectment originally brought by the plaintiff against the defendants *Smith, Osborne,* and the *Athens Lumber & Cooperage Company.* The complaint was an ordinary complaint of ejectment, alleging the plaintiff's ownership in fee to certain lands in Price county, Wisconsin, and that the possession of the same was unlawfully withheld from him by the defendants to his damage, and praying judgment for the recovery thereof, with damages and costs. The defendants answered, setting up a valid tax title to the land, which they alleged was conveyed to the defendants *Smith* and *Osborne* May 24, 1900, and by them conveyed on the following day to one *Rieben,* and they disclaimed all right, title, and interest in the same. Further, they denied that they unlawfully held possession of the lands at the commencement of the action, and denied each and every allegation of the complaint. The action was tried in November, 1900, and a verdict and judgment for the plaintiff rendered. Thereafter, and on May 20, 1901, this judgment was vacated on motion of the defendants, and a new trial granted. In August, 1901, the defendants *Smith* and *Osborne* moved for leave to file a supplemental answer setting

up the statute of limitations, and at the same time moved. that *Rieben* be made a party defendant, both of which motions were denied September 16, 1901. In October following, *Rieben* was made a defendant on his own motion, and he made answer to the complaint, setting up the tax title aforesaid, and his ownership of the land thereunder, and also pleading the statute of limitations under the provisions of secs. 1188, 1189, Stats. 1898, and denied the plaintiff's title and right of possession. The second trial of the action took place in December, 1901, and a verdict for the plaintiff was directed, and from judgment thereon the defendants appeal.

For the appellants there was a brief by *H. C. Peters,* attorney, and *Warner & Jackman,* of counsel, and oral argument by *Ernest N. Warner.*

For the respondent there was a brief signed by *T. L. Kennan,* and oral argument by *K. K. Kennan,* respondent, in person. They contended, *inter alia,* that under sec. 664, Stats. 1898, the attempted sale of the tax certificates was "altogether unauthorized and void, and passed no title, or color of title, and furnished nothing upon which the statutory bar could operate." *Knox v. Cleveland,* 13 Wis. 245; *Smith v. Sherry,* 54 Wis. 114; *Gould v. Sullivan,* 84 Wis. 659; *McMahon v. McGraw,* 26 Wis. 614; *Fox v. Zimmermann,* 77 Wis. 418; *McConnell v. Hughes,* 83 Wis. 25; *Dupen v. Wetherby,* 79 Wis. 203; *Rice v. Ashland R. E. & I. Co.* 72 Wis. 103.

WINSLOW, J. It is conceded on all hands that the plaintiff had a good title to the lands in question, unless the same had been cut off by the tax deed set forth in the answers, and the material questions in the case all cluster around that deed, and the application thereto of the limitations prescribed by sec. 1188, Stats. 1898.

A preliminary question is raised, which, as we view the

case, cuts little figure; but, as it is directly and fairly raised, it is entirely proper to consider and decide it. The action was originally commenced against *Smith* and *Osborne* and the *Athens Lumber & Cooperage Company* alone. These defendants answered, setting up the tax title, but alleging that it had been conveyed to one *Rieben* prior to the commencement of the action, disclaiming title in themselves, and denying all the allegations of the complaint. The action was tried in this state of the pleadings, and the plaintiff recovered, whereupon the defendants obtained a new trial by taking the statutory proceedings applicable to ejectment actions. Nearly or quite nine months after this trial the defendants made application to the court for leave to serve and file a supplemental answer pleading the statute of limitations aforesaid as a defense, such application being based on an affidavit by their attorney stating that neither the defendants nor their attorney knew the fact that the statute of limitations had run until after the first trial. The application was denied by the trial court, and this denial is the first assignment of error in behalf of the defendants *Smith* and *Osborne*. The question whether an application to amend a pleading shall be granted or not is a question of judicial discretion, and when that discretion has been exercised this court will not interfere, except in case of an abuse thereof. Under the facts presented here, we can see little, if any, excuse for the failure to interpose the plea in the original answer. The defendants either knew or ought to have known the date of the execution and recording of the tax deed which they pleaded, and they also knew or ought to have known when the summons was served. These were all the facts necessary to be known. Treating the defense of the statute of limitations as on the same plane with other legal defenses (*Whereatt v. Worth,* 108 Wis. 291, 84 N. W. 441), we cannot say that on this showing there was any abuse of discretion in refusing to allow the amendment.

After this application had been denied, *Rieben,* upon his own application, was made a party to the action, and he made answer setting up the same tax title alleged by 'the other defendants, and claiming ownership under it. He also pleaded the statute of limitations, and denied the plaintiff's ownership of the lands. This was the state of the pleadings when the action came on for its second trial. Upon this trial the plaintiff made formal proof of his paper title by conveyances running back to a patent from the state, and rested. The defendants then introduced the tax deed dated June 3, 1897, and recorded June 5, 1897, and the several conveyances thereafter made by which the tax title was transferred to *Rieben,* and rested. Thereupon the plaintiff introduced evidence tending to impeach the tax title—*first,* by showing alleged irregularities in the affidavit of nonoccupancy and in the affidavit of publication of the delinquent list; and, *second,* by showing that the tax certificate on which the defendant *Rieben's* title is based was sold at less than its face, without the giving of the proper notice of sale required by sec. 664, Stats. 1898. The evidence showed that the original grantee purchased the tax certificate on which the title is based, together with a large number of other certificates, at the rate of ten cents on the dollar of the face value, without interest. The sale was made by order of the county board, and was supposed to have been made in accordance with the provisions of sec. 664, Stats. 1898. This section provides that no county board shall sell any tax certificates "at less then their face value" unless they shall have previously given notice of their intention "so to do" by publication of such notice for four successive weeks in a newspaper of the county, and that all sales made in violation of these provisions shall "be null and void." The plaintiff's proof fully showed that no notice of the intention of the board to sell tax certificates at less than their face value was published, and hence he claims that the defendants' title is "null and void," and that even the

statute of limitations will not help such a title. This is really
the decisive question in the case.

The tax deed was executed June 3, and recorded June 5,
1897. The three-year limitation provided by sec. 1188,
Stats. 1898, against actions by former owners, expired June
5, 1900. The defendant *Rieben,* in whom it appears the tax
title was then and is now vested, was not made a party to the
action (hence as to him the action was not commenced) until
October 22, 1901. If the statute is effective to cure the fail-
ure to observe the provisions of sec. 664, *supra, Rieben's* title
must be good.

The respondent's position is (and this is the view which
the trial court seems to have taken) that the deed was so com-
pletely unauthorized and void as to pass no color of title and
furnish nothing upon which the statutory bar could operate.
The statute (sec. 1188, Stats. 1898) is sweeping in its terms,
and declares, in substance, that no action by the former owner
or his grantee to avoid a tax deed shall be maintained unless
the same is brought within three years from the recording of
the deed. By the following section (1189) it is provided
that (except in case of actual possession) the limitation of
sec. 1188 shall not apply where the taxes were paid before
sale, or the land redeemed, or where the land was not liable
to taxation. Here, then, are the exceptions which the law-
making power has deemed it best to insert in this statute of
repose, viz., actual payment or redemption, or lack of juris-
diction to levy any tax on the lands in question. This last
exception is, in substance, the exception suggested in *Knox v.
Cleveland,* 13 Wis. 245, and was enacted into statute law by
sec. 6, ch. 138, Laws of 1861. The exception was applied in
the case of *Smith v. Sherry,* 54 Wis. 114, 11 N. W. 465,
where a tax was attempted to be levied by town officers on
territory outside of the town, and it was held a mere nullity,
and to furnish nothing upon which the bar of the statute
could operate. In this case it was held that not only did the

principle of lack of jurisdiction, so well laid down in *Knox v. Cleveland,* apply, but that the lands were not liable to taxation, within the meaning of the statutory exception above named.

The principle of the law was perhaps as well stated in *Dupen v. Wetherby,* 79 Wis. 203, 48 N. W. 378, where it was inferentially, rather than directly, held that the statute runs in all cases except where it can be shown that the lands were not taxable, that the taxes have been paid or properly redeemed, or that the taxing officers had no jurisdiction under any circumstances to levy the tax. There is no claim here that the taxes in question have been paid or redeemed, and the only way in which the effect of the statute can be avoided is by a showing of absence of jurisdiction on the part of the officers, either because the lands were not within the taxing district, or because some other equally potent fact existed which deprived them of power under any circumstances to levy the tax. It is plain that there is no such fact. The lands were within the taxing district, and were not exempt. The taxing officers had power, and it was their duty, to levy on these lands the tax here contested. They had power, in a proper way, to sell the certificate. The fact that they sold it without observing the statute may make the sale void, so that it could be successfully attacked up to the time the statute of limitation is complete, but it is in no proper sense jurisdictional. It is one of those irregularities which the statute of limitations is framed to cover and set at rest. It is not a case where the taxing officers had no authority under any circumstances to levy the tax and make the deed. The land was liable to be taxed. The officers had full authority to tax it, to bid the land in for the county, to sell the certificate, and to make a deed to the purchaser, but they failed to observe all the requirements of law in selling the certificate. The failure was cured by the statute.

These considerations necessitate reversal of the judgment,

not only as to the defendant *Rieben,* whose title thus appears to have been a perfect title, but also as to the other defendants, because the plaintiff can only recover on the strength of his own title, and when that is defeated he cannot recover against any defendant, no matter what the defects may be in such defendant's title. No other questions require consideration.

*By the Court.*—Judgment reversed, and action remanded for a new trial.