Herbst v. Land and Loan Co. 134 Wis. 502.    ;

HERBST and others, Appellants, vs. LAND AND LOAN COMPANY, Respondent.

*January 28—February 18, 1908.*

*Pleading: General denial: Construction: Tax deeds: Statutes: "Purchaser:" Irregularities of taxing officers: County treasurer: Failure to re-offer lands on default of the bidder: Fraud: Limitation of actions: Admissions in pleadings: Presumptions.*

1. There is a difference between denying each and every allegation in a pleading and denying that the party has "any knowledge or information sufficient to form a belief as to each and every allegation" in the pleading. The latter form of expression is consistent with the possession of knowledge or information sufficient to form a belief of every allegation in the pleading except one, and affirms the lack of knowledge or information, not as to each allegation, but as to "each and every allegation."

2. The word "purchaser" in sec. 1178, Stats. (1898), means one who has made a completed purchase, and not a mere bidder who has forfeited his bid by failing to pay for the tax certificate and who never obtained a delivery of the tax certificate.

3. The failure of a county treasurer to re-offer land for sale after a bidder at a tax sale has defaulted on his bid, the erasure of such defaulting bidder's name from the certificate of sale, and the insertion of the name of the county as bidder, do not constitute a fraud and are covered by the limitation of three years prescribed by sec. 1188, Stats. (1898).

4. The mere averment of a pleader that acts and omissions are fraudulent adds nothing to the pleading, nor does it change the essential character of such acts and omissions.

5. In a statutory action to quiet title to land the defendant set up as a defense, and also by way of counterclaim, title under a tax deed, alleging both its due execution and recording, and therein pleaded the three-year statute of limitations in support of such tax deed. There was no specific denial in the reply to meet these averments, and the only formal defect alleged was a failure to state in the deed that the land was sold to one R. and that the grantee in the deed was the assignee of R. It was further alleged that R. was the purchaser at the tax sale, had defaulted, and that the county treasurer, without re-offering the land for sale, erased R.'s name and inserted the county's name in the tax certificate. *Held:*

(1) Such alleged defect was in fact no defect.

(2) Under the presumptions of law created by statute and attending the tax deed it is presumed that the tax deed declared the county to be the purchaser at the tax sale, and that the grantee therein was the assignee of the county.

(3) After three years from the time of recording the tax deed was not open to attack on the ground of the omissions of the county treasurer, nor on the ground of the alteration of the tax certificate.

6. In such case a general demurrer to the reply was properly sustained, the reply admitting that more than three years had elapsed since the recording of the tax deed and that the land was vacant and unoccupied, and failing to allege that the tax deed was void on its face, or to take issue with the averment of the counterclaim that the tax deed was fair on its face and drafted and executed in accordance with the statute.

APPEAL from an order of the circuit court for Oneida county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining a demurrer to the reply of appellants to a counterclaim pleaded by respondent. The ground of demurrer was that the reply did not state facts sufficient to constitute a defense to the counterclaim. The complaint was in a statutory suit to quiet title, averring that the plaintiffs were owners in fee, that the lands were vacant and unoccupied, and that defendant made some claim to the lands, the complaint not disclosing the nature of defendant's claim. The defendant answered, claiming title under a tax deed executed November 13, 1899, issued on tax certificates of sale of May, 1896, for the delinquent taxes of 1895, and the tax deed was recorded January 3, 1900. The defendant pleaded the three-year statute of limitations in support of said tax deed. Substantially the same matter was then averred as a counterclaim, with a prayer that the defendant's title under said tax deed be established as against the plaintiffs, and to this counterclaim the amended reply was interposed, which reply is the subject of demurrer.

For the appellants there was a brief by *Nath. Pereles & Sons,* attorneys, and *Charles S. Carter,* of counsel, and oral argument by *Mr. Carter.*

For the respondent there was a brief by *Reid, Smart & Curtis,* and oral argument by *E. M. Smart.*

Among other references upon the part of the appellants were the following: Sec. 1178, Stats. (1898); *North v. Wendell,* 22 Wis. 431; *Eaton v. Lyman,* 33 Wis. 34; *Hunt v. Stinson,* 101 Wis. 556, 77 N. W. 901; *Dunbar v. Lindsay,* 119 Wis. 239, 96 N. W. 557; *Washburn L. Co. v. C., St. P., M. & O. R. Co.* 124 Wis. 305, 102 N. W. 546; *Lander v. Bromley,* 79 Wis. 372, 48 N. W. 594; *Lain v. Shepardson,* 18 Wis. 59; *Woodman v. Clapp,* 21 Wis. 355; *Webster v. Schwears,* 69 Wis. 89, 33 N. W. 105; *Cezikolski v. Frydrychowicz,* 120 Wis. 369, 98 N. W. 211; secs. 1137, 1138, Stats. (1898); *Sprague v. Cœnen,* 30 Wis. 209; *Baldwin v. Ely,* 66 Wis. 171, 28 N. W. 392; *Knox v. Peterson,* 21 Wis. 247; *McCurdy v. Rogers,* 21 Wis. 197; *N. Y. & C. S. S. Co. v. Harbison,* 16 Fed. 688; 4 Story, Eq. Jur. (11th ed.) 412, § 397; *Mather v. Hutchinson,* 25 Wis. 27; *McMahon v. McGraw,* 26 Wis. 614; *Knox v. Cleveland,* 13 Wis. 245; *Fox v. Zimmermann,* 77 Wis. 414, 46 N. W. 533.

Among other references upon the part of the respondent were the following: *Riley v. Riley,* 34 Wis. 372; *Kewaunee Co. v. Decker,* 30 Wis. 624; *Landauer v. Vietor,* 69 Wis. 434, 34 N. W. 229; *Crowley v. Hicks,* 98 Wis. 566, 74 N. W. 348; *New Bank v. Kleiner,* 112 Wis. 287, 87 N. W. 1090; 1 Abbott, Trial Brief on Pl. 64, 531; *Gilbert v. Pier,* 103 Wis. 331, 79 N. W. 215; *Kennan v. Smith,* 115 Wis. 463, 91 N. W. 986; 14 Am. & Eng. Ency. of Law (2d ed.) 19; *Jones v. Davis,* 35 Wis. 376; *Cornell v. Radway,* 22 Wis. 260; *McVichie v. Knight,* 82 Wis. 137, 51 N. W. 1094; *Cutler v. Ainsworth,* 21 Wis. 381; *Reeve v. Fraker,* 32 Wis. 243; *Pine Valley v. Unity,* 40 Wis. 682; *Kusterer v. Beaver Dam,* 52 Wis. 146, 8 N. W. 726; *Frankfort Bank v. Countryman,* 11 Wis. 398; *Gunderson v. Thomas,* 87 Wis. 406, 58 N. W. 750; *Britton v. Erickson,* 80 Wis. 466, 50 N. W. 342; *Steinberg v. Saltzman,* 130 Wis. 419, 110 N. W.

198; *State v. McGarry*, 21 Wis. 496; *Goodell v. Blumer*, 41 Wis. 436; *Union L. Co. v. Chippewa Co.* 47 Wis. 245, 2 N. W. 281; *Althouse v. Jamestown*, 91 Wis. 46, 64 N. W. 423; *Carpenter v. Rolling*, 107 Wis. 559, 83 N. W. 953.

TIMLIN, J.   The amended reply admits that the lands in question were taxable in 1895; that the taxes for that year were unpaid and returned delinquent to the county treasurer, who duly advertised and sold the land for the non-payment of such taxes; that the county clerk executed a deed of the land purporting to be based on the certificate of tax sale for said delinquent taxes; that the tax certificate had never been set aside or annulled and no action commenced for that purpose; that the tax had never been paid or redeemed, and that more than three years had elapsed since the recording of the said deed; and that the lands are vacant and unoccupied.   Among matters affirmatively averred in the reply were the following: The land was duly sold at public auction by the county treasurer of Forest county on May 19, 1896, for $2.44, the tax of 1895, to Emil G. Rahr, who bid in the lands at the request of and for the benefit of the plaintiffs (the then owners).   An entry of such sale was made in the treasurer's salesbook.   The latter made out and signed the usual tax certificate of sale running to Emil G. Rahr as purchaser, but this certificate was never delivered to nor was the $2.44 paid by Rahr.   The land was not resold or re-offered for sale by the treasurer, but on the contrary some unknown time thereafter some unknown person fraudulently drew pen lines through the name of Emil G. Rahr in said certificate and inserted in lieu thereof the name of Forest county, so that the latter appeared to be the purchaser at the sale.   Thereafter the tax certificate was indorsed as required by statute by the county treasurer of Forest county and delivered to the defendant, which procured thereon the deed aforesaid from the county clerk, and said

deed does not show on its face that said Emil G. Rahr was such purchaser at said sale nor does it show that the grantee therein named was an assignee of said Emil G. Rahr, the purchaser *as aforesaid*. Specific denials in the reply are: (1) That the defendant is the owner of the land described in the counterclaim; (2) that the county clerk was authorized to execute said deed to said land. What is claimed to be a general denial follows in these words:

"Further replying, plaintiffs deny, except as hereinbefore expressly admitted, alleged, qualified, or denied, that they have any knowledge or information sufficient to form a belief as to each and every allegation in said counterclaim contained."

There is an obvious difference between denying each and every allegation in a pleading and denying that the party has "any knowledge or information sufficient to form a belief as to each and every allegation" in the pleading. The latter form of expression is consistent with the possession of knowledge or information sufficient to form a belief of every allegation in the pleading except one. It affirms the lack of knowledge or information, not as to each allegation, but as to "each and every allegation." If, however, we overlook this, it must be apparent that the supposed general denial reaches and relates only to allegations not theretofore (1) expressly admitted, (2) alleged, (3) qualified, or (4) denied by the same pleading. The pleading, as we have seen, contained a full admission that the taxes for the year 1895 were unpaid and delinquent and the land duly advertised and sold for the nonpayment of such taxes, a qualified admission that a tax deed was issued by stating that the county clerk executed a deed of said premises purporting to be based on this certificate of tax sale, and an express admission that the deed was recorded and that more than three years elapsed since such recording, and that the land was vacant and unoccupied. Following the alleged general denial is a detailed description of the manner in which the lands were bid in by Emil G. Rahr

and of the alleged defects in the aforesaid deed. These defects are stated to be that said deed does not show on its face that Emil G. Rahr was such purchaser at said sale nor does it show that said grantee therein named was an assignee of Emil G. Rahr. But the same pleading shows that Emil G. Rahr was not a purchaser at said sale and that the grantee in the deed was not an assignee of Emil G. Rahr. If the deed had contained the former recital, the recital would have been false in fact. Sec. 1178, Stats. (1898), requires that the purchaser at a tax sale be named in the tax deed, but "purchaser" here means one who has made a completed purchase, and not a mere bidder who has forfeited his bid by failing to pay for the tax certificate and who never obtained a delivery of the tax certificate. The cases of *Krueger v. Knab,* 22 Wis. 429; *North v. Wendell,* 22 Wis. 431; and *Washburn L. Co. v. C., St. P., M. & O. R. Co.* 124 Wis. 305, 102 N. W. 546, are not applicable to the circumstances disclosed in the case at bar. When Rahr defaulted on his bid it was the duty of the county treasurer to declare the bid canceled and sell the land again, or else bring an action against Rahr for the purchase money. Sec. 1178, Stats. (1898). If the county treasurer decided to declare Rahr's bid canceled and sell the land again he must do so at the same sale and before the tax sale is concluded, and if upon such resale he receives no bid he should, before the close of the tax sale, bid in the land for the county. The cause was presented in this court by both parties upon the hypothesis that the omission of the county treasurer to comply with these statutes and re-offer the land for sale after Rahr's default was an irregularity fatal to the validity of the tax sale.

It is, however, contended by the respondent that the tax title is not open to attack on account of this irregularity because more than three years have elapsed since the recording of the tax deed. It is contended by the appellants, first, that because the tax deed did not recite that Rahr was the purchaser at the sale and the respondent his assignee the tax

deed was void on its face and therefore not protected by the statute of limitations against this attack; and, second, that the striking out of the name of Rahr and inserting the name of Forest county in the tax certificate constituted a fraud, and that therefore, within the rule of *Mather v. Hutchinson,* 25 Wis. 27, and *McMahon v. McGraw,* 26 Wis. 614, the tax deed was open to attack.

The controlling questions in this case, therefore, are: (1) Does the omission of the county treasurer to re-offer the land for sale after the bidder at a tax sale has defaulted on his bid, the erasure of such defaulting bidder's name from the certificate of sale, and the insertion of the name of the county as bidder, constitute a fraud not covered by the limitation of three years prescribed by sec. 1188, Stats. (1898)? (2) Do these acts constitute an irregularity not covered by said statute? We are unable to perceive how the acts and omissions in question can be considered fraudulent. The averment of the pleader stigmatizing them as fraudulent adds nothing to the pleading, nor does it change the essential character of the acts and omissions. *Riley v. Riley,* 34 Wis. 372; *Landauer v. Vietor,* 69 Wis. 434, 34 N. W. 229; *New Bank v. Kleiner,* 112 Wis. 287, 87 N. W. 1090. If these mere omissions of official duty by a tax officer, or this mere performance of official duty in an irregular or unauthorized manner, were held to constitute a fraud, such holding would overturn many decisions of this court upon the subject of tax titles. The cases of *Mather v. Hutchinson,* 25 Wis. 27, and *McMahon v. McGraw,* 26 Wis. 614, cited by appellants, do not relate to any such acts or omissions on the part of the tax officers.

Upon the question whether or not the right to assail the tax deed on account of these errors of the tax officer is barred by the three-year statute of limitations above referred to, the counterclaim avers the execution and recording of a tax deed in accordance with the statute in such case made and provided. No specific denial in the reply meets this aver-

ment. On the contrary, this averment is attempted to be qualified by the allegation in the reply that the county clerk executed a deed of said premises purporting to be based on the certificate of tax sale thereof for delinquent taxes thereon for the year 1895. The alleged general denial treating it as otherwise sufficient does not reach anything "alleged or qualified" in other parts of the reply. We must assume that the tax deed was in the form required by statute and that its only formal defect was its failure to state that the lands were sold to Emil G. Rahr and that the grantee in the deed was the assignee of said Rahr. This was no defect at all. Under the presumptions of law created by statute and attending the tax deed we must presume that the tax deed declared that Forest county was the purchaser at the tax sale and that the grantee in the tax deed was the assignee of Forest county. That being the case, the tax deed was not, after three years from the time of recording, open to attack on the ground that the county treasurer failed to again offer the land for sale after Rahr defaulted on his bid, nor on the ground that the tax-sale certificate was then altered by striking out the name of Rahr as purchaser and inserting instead that of Forest county. *Gilbert v. Pier,* 103 Wis. 331, 79 N. W. 215; *Kennan v. Smith,* 115 Wis. 463, 91 N. W. 986; *Milledge v. Coleman,* 47 Wis. 184, 2 N. W. 77; *Hotson v. Wetherby,* 88 Wis. 324, 60 N. W. 423.

It follows that the demurrer to the reply as not constituting a defense was properly sustained, because the reply admitted that more than three years had elapsed since the recording of the tax deed and that the land was vacant and unoccupied, and failed to show that the tax deed was void on its face, or to take issue with the averment of the counterclaim that the tax deed was fair on its face and drafted and executed in accordance with the statute in such case made and provided.

*By the Court.*—The order of the circuit court is affirmed.