. 22  429|
L101 560|

## KRUEGER VS. KNAB.

*Tax Deed.*

A tax deed, under ch. 22, Laws of 1859, which does not show that the person depositing the certificate of sale is the purchaser or his assignee, is invalid.

APPEAL from the Circuit Court for *Milwaukee* County. Ejectment. Plaintiff's claim of title rested upon two tax deeds, which were received in evidence against objection. A motion by defendant for a nonsuit was denied. The jury, by the direction of the court, found for the plaintiff; and defendant appealed from the judgment.

The second deed recites that *Edward Krueger* has deposited in the office of the treasurer of the city of Milwaukee a certificate, etc., whereby it appears (as the fact is), " that certain described land," being that here in dispute, was for the non-payment of taxes sold by the treasurer of Milwaukee, on, etc., " to the said city of Milwaukee," for a specified sum, " which it seems was the amount of taxes assessed, and due and unpaid on said tract of land, together with the costs and charges of such sale, due therewith at the time of making such sale, the whole of which sum of money has been paid by the aforesaid purchasers: And whereas, it further appears (as the fact is), that the owner or claimant of said land has not redeemed from said sale the lands which were sold as aforesaid, and said land is now unredeemed from such sale, whereby said described land has become forfeited, and said purchaser or its assignees are entitled to a conveyance thereof: Now, therefore," etc.

*R. N. Austin*, for appellant.

*J. V. V. Platto*, for respondent.

COLE, J.   It is conceded that the first tax deed offered in

evidence was fatally defective. But it is insisted that the second deed was valid and conveyed the title. Various objections, however, are taken to that deed, only one of which will be noticed. It is objected that the deed does not follow the form prescribed by section 50, chap. 22, Laws of 1859; and that it is defective because it does not recite that the grantee named therein was the one who purchased the land at the tax sale, and to whom the tax certificate was issued, or that he was the assignee of such purchaser. Undoubtedly the deed should truly recite the fact whether the person depositing the tax certificate with the officer was the original purchaser, or that he is assignee of such purchaser. In other words, it must be substantially in the form prescribed by the legislature. That form is: " Whereas, —— (or assignee of ——) has deposited," etc. The statute clearly contemplates that the name of the. purchaser shall be stated; or, if the person depositing the certificate is an assignee, that this fact shall appear, and that he is the assignee of the purchaser. This is a material recital, and cannot be disregarded. *Lain v. Cook*, 15 Wis., 446; *Lain v. Shepardson*, 18 id., 59; *Woodman v. Clapp et al.*, 21 Wis., 355. The recitals in the deed show that the lot was sold to the city of Milwaukee by the treasurer. Hence we cannot assume that the plaintiff, who deposited the certificate with the treasurer, was the purchaser at the tax sale. He is doubtless the assignee of the city, but the deed does not so state. The motion for a nonsuit should have been granted for the reason that neither deed offered in evidence conformed to the form prescribed in the law of 1859.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.