# NORTH VS. WENDELL.

*Tax Deed.*

1. A tax deed under ch. 503, Laws of 1852, which does not recite the name of the purchaser at the tax sale, is invalid.
2. Can lands embraced in different tax certificates be included in one tax deed?

ERROR to the Circuit Court for *Fond du Lac* County.

The action below was by *Wendell* against *North;* and the latter seeks in this suit to reverse a judgment against him. The case is stated in the opinion.

*Gillet & Pier,* for plaintiff in error.

*R. P. Eaton,* for defendant in error.

PAINE, J. This was an action for a breach of the covenants in a warranty deed, the plaintiff claiming to have been ousted under a paramount title. This title depended on the validity of a certain tax deed given by Brown county to one Eastman; and the court instructed the jury that the evidence showed that it was a good title, which was excepted to. We have at the present term, decided, in the case of *Krueger v. Knab* [*ante,* p. 429], that when the form of a tax deed prescribed by the statute clearly contemplates that the name of the purchaser shall be stated, and that if there has been an assignment, it shall show that the person depositing the certificate is the assignee of such purchaser, a deed failing to do this is void. The tax deed here in question is liable to the same objection. The deed was issued under chap. 503, Laws of 1852; and the form there prescribed plainly contemplates that the name of the purchaser shall be stated. In the deed here in question, the names of the purchasers are not stated, but it is recited that it appeared " that divers persons, of whom said Eastman is the assignee,

did purchase," etc.    This cannot be considered as equivalent
to a statement of the names of the purchasers; and the
deed must, within the strict rule applicable to this class of
conveyances, be held invalid.

Whether it is permissible or not to include in one deed
the lands embraced in different tax certificates, it is not
necessary to determine.

*By the Court.*—The judgment is reversed, and the cause
remanded for a new trial.