HUNT, Appellant, vs. STINSON, imp., Respondent.

*December 19, 1898 — January 10, 1899.*

*Construction of written instruments: Tax deeds: Naming purchaser.*

1. A tax deed reciting that "E. L. Hunt, assignee of F. H. Ruger, and assignee of F. H. Ruger, who was assignee of Douglas county, . . . has deposited ten certificates . . . whereby it appears, as the fact is, that the following described pieces or parcels of land [describing them] were for the nonpayment of taxes separately sold by the treasurer of said county . . . to the said Douglas county and F. H. Ruger respectively," does not indicate a joint purchase by F. H. Ruger and the county at the tax sale, but a purchase by the county of some parcels of land and by F. H. Ruger of others; and it sufficiently complies with the statute requiring the purchaser to be named in the tax deed.

2. The statutory methods, under the tax laws, for taking property from the owner for nonpayment of taxes thereon, must be strictly pursued; yet tax deeds are to be construed by the same rules as other deeds, reasonable presumptions are to be indulged in, immaterial blunders and omissions ignored, and of two constructions one that will support the deed is to be preferred to one that will defeat it.

3. Ordinarily, rules of grammar are to be observed in construing written instruments, but they are not rules of law, and easily give way to the intent of the parties to the instrument where necessary to give effect thereto, and the construction does not violate rules of law or the meaning reasonably attributable to words.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

Action by a tax-title claimant under ch. 50, S. & B. Ann. Stats., to bar former owners. The copy of the tax deed contained in the complaint was in the statutory form and the complaint unobjectionable as to the facts stated therein, unless the deed be defective by reason of the language of the opening recital, which is as follows: "*Whereas, E. L. Hunt,* assignee of F. H. Ruger, and assignee of F. H. Ruger, who was assignee of Douglas county, has deposited in the

office of the county clerk of the county of Douglas, in the state of Wisconsin, ten certificates of the treasurer of said county, whereby it appears, as the fact is, that the following described pieces or parcels of land lying and being situated in the city of Superior, county of Douglas, and state of Wisconsin, to wit:" Then follows the description, then the following: "Were for the nonpayment of taxes, separately sold by the treasurer of said county at public auction, at his office in the city of Superior, in the county of Douglas, on the 15th day of May, in the year of our Lord one thousand eight hundred and ninety-four, to the said Douglas county and F. H. Ruger, respectively, for the sum set opposite each description, being the sum of two hundred and fifty dollars and twenty-nine cents in the whole," etc.

The defendant *Stinson* demurred to the complaint for want of facts stated therein sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appealed.

*A. B. Ross*, for the appellant.

*Michael S. Bright*, for the respondent.

MARSHALL, J. Two defects in the tax deed are pointed out, which respondent contends render it void on its face. One or the other or both of such contentions were sustained by the trial court, hence the order appealed from.

First. It is said that the deed shows the tracts of land were sold to F. H. Ruger and Douglas county jointly. Such a sale is unauthorized by statute, hence void. *Sprague v. Cœnen*, 30 Wis. 209. If the language of the deed supports that contention the instrument is manifestly insufficient, and the demurrer was properly sustained. To support that construction of the deed, which we assume the learned trial court adopted, respondent's counsel says the word "respectively" is an adverb, therefore its proper office in the sentence stating that the lands were sold to Douglas county

and F. H. Ruger, is to qualify the words "were sold," and not to express anything attributable to the subject of the sentence, which counsel say is the aggregate of the certificates sold. We cannot agree with counsel's grammatical analysis of the sentence, nor with his apparent theory that rules of grammar are rules of law. It is one of the most familiar doctrines in the construction of written instruments, that courts will not adopt a construction which will do violence to the rules of language or of law; but that does not mean that rules of grammar cannot be violated, otherwise it would be impossible, in many cases, for courts to give effect to the manifest intention of parties, shown by the language used by them. The maxim that rules of language cannot be violated, even to carry out the manifest intention of the parties, means merely that words cannot be said to convey a meaning other than one which can be reasonably attributed to them. The office of judicial construction is to determine what parties intended by their written language, and in reaching a correct conclusion as to that, inaccuracies and mistakes in the arrangement of words or parts of speech, or punctuation, easily give way to the theory of the parties when entering into the contract, the only limit being that there must be some uncertainty calling for judicial construction, and the result reached must be reasonably attributable to the language used and not violate rules of law. The intention being determined, words, sentences, and clauses are brought into harmony with that so far as the meaning reasonably attributable to words will permit, regardless of mere rules of grammar or punctuation. *Wis. M. & F. Ins. Co. Bank v. Wilkin,* 95 Wis. 111. What has been said is in entire harmony with the rule that, unless it lead to some uncertainty, or the intent of the parties require a contrary course, contracts should be construed according to rules of grammar. But, " *Grammatica falsa non vitiat chartam* " is a maxim that applies when necessary to effect the intent.

The subject of the sentence under consideration is not the ten tax certificates, as counsel seem to suppose, but the several tracts of land sold.   Leaving out connecting words, descriptive clauses, and most of the modifying phrases, and placing qualifying words in close connection with the words they qualify, the sentence is: Pieces or parcels of land were separately sold respectively to the county of Douglas and F. H. Ruger; — perhaps not the best model of style and clearness that can be given, viewed from the standpoint of the most approved rules of rhetoric, yet the meaning of the sentence is not difficult to discern, viewing the language in the light of common sense and common experience, and the logical subject of the sentence (which is a good test and the one that should prevail unless it be clearly manifest that some other meaning was intended,— 2 Parsons, Cont. [8th ed.] 618, note $t$), and when viewed in the light of the rule that in construing a written instrument a meaning should be preferred consistent with legality rather than one that will defeat it, and that all words used shall be construed as having been used for some reasonable purpose.  " *Constructio legis non facit injuriam.*"

The phrase, " to the county of Douglas and F. H. Ruger," qualifies the words " were sold " as qualified by the adverbs " separately " and " respectively."   If the intention was to express the idea that the sale was to the county of Douglas and F. H. Ruger jointly, obviously the word " respectively " had no office whatever to perform in the sentence.   The words " separately sold to the county of Douglas and F. H. Ruger " express the idea completely.   If it was used as a qualifying word as to each separate sale to both of the vendees, then the meaning is clearly not that each sale was to the county of Douglas and F. H. Ruger jointly, but to Douglas county entire and to F. H. Ruger entire.   That would be absurd.   After an entire, consummated sale was made to one, a sale of the same tract could not have been

made to another. If we say "separately" qualifies "were sold" by itself, and that is manifest, and "respectively" qualifies "were sold" as before qualified by "separately," having regard to the qualifying phrase "to Douglas county and F. H. Ruger," then the whole meaning of the sentence is plain that the several tracts were sold in separate parcels, some to Douglas county and some to F. H. Ruger. That meaning appears to be plain and not to involve any serious violation of grammatical rules. A discussion of the matter at so much length is not justified by any difficulty met with, but possibly is from the fact that the learned circuit judge adopted the view of respondent's counsel and condemned the complaint on the strength of it.

Second. But it is said that there is nothing in the deed to show what particular lands were sold to Douglas county and what to F. H. Ruger, and that the deed is void on its face for that reason. Language in numerous decisions, most of them rendered early in the history of the court, is liable to be understood as sustaining that theory. In *Krueger v. Knab*, 22 Wis. 429, the court, quoting the opening words of the statute, "Whereas, —— (or assignee of ——) has deposited," said the statute clearly contemplates that the name of the purchaser shall be stated, and that if any other person than the purchaser deposits the certificate, that fact shall appear, and that he is the assignee of such purchaser. But to say the deed must show, as to each particular tract, the purchaser of it, and that the assignee of the certificate took direct from such purchaser, or, if there were a succession of assignees, that each must be named, exhibiting a perfect chain of title from the county to the demandant for the tax deed, would be going further than the decisions referred to. It would be holding that the deed must conform to the statutory form and idea with literal accuracy, while the statute, by its terms, requires only a substantial compliance; and so the court has often decided. In *Cousins v. Allen*, 28 Wis.

Hunt vs. Stinson.

232, it is said substantial compliance does not require the naming of intermediate assignees; from the recital of the name of the purchaser, and that the depositor of the certificate is the assignee thereof, the presumption arises in favor of the deed, that the certificate came to the grantee by proper assignments reaching back to the original purchaser of the land at the tax sale. There are *dicta* in many early decisions of this court, as stated, some of which are referred to by counsel to support the theory that no presumption or intendment is to be indulged in favor of a tax deed, and that literal accuracy is required in all cases, but such is not the law as actually administered. *Cousins v. Allen* is a good example. For another, reference may be had to *State ex rel. White v. Winn*, 19 Wis. 304, where the following language was considered regarding the manner of assigning certificates: They "may be transferred by the purchaser by written assignment indorsed thereon or attached thereto." The court said that no assignment was good indorsed on the certificate unless the indorsement appear on the back. The only question before the lower court was whether an actual assignment of the certificate was required, either on the instrument or a paper attached thereto. *Smith v. Todd*, 55 Wis. 459, is usually found cited as approving *State v. Winn, supra,* but the question decided was the same as in the former case. The materiality of the position of the indorsement on the certificate was not considered. In *Potts v. Cooley*, 56 Wis. 45, the identical question was presented, the assignment being on the face of the certificate instead of on the back, and the court said they could "give the statute no such refined or technical meaning as to hold that the place on the certificate where the indorsement is made is material," notwithstanding the statute uses the term "on the back."

The cases referred to, and many others that might be added, showing that a literal compliance with tax proceedings is not necessary to the validity of a tax deed, do not militate at all

against the rule that the various steps contemplated by law for taking property from one person and passing it over to another by means of tax proceedings must be *strictly pursued*. They simply apply to tax deeds the plain letter of the statute requiring only a substantial compliance as to the form of the conveyance, and, in construing the deed, apply the rule applicable to all instruments, that, of two constructions, one that will defeat and one that will support it, the latter is to be preferred. On the principles stated, the court said, in *Lybrand v. Haney*, 31 Wis. 230, in regard to several inaccuracies in a tax deed, that disregarding mere omissions and blunders that do not prejudice or deceive any one, or affect the substance of the conveyance, does not militate against the rule of substantial accuracy required by the statute. To the same effect are *Austin v. Holt*, 32 Wis. 478; *Orton v. Noonan*, 25 Wis. 672; *Hotson v. Wetherby*, 38 Wis. 324; *Milledge v. Coleman*, 47 Wis. 184. They are all consistent with *Krueger v. Knab*, 22 Wis. 429; *North v. Wendell*, 22 Wis. 431; and *Eaton v. Lyman*, 33 Wis. 34, deciding that the name of a purchaser at a tax sale must appear in the tax deed. As before indicated, they stop short of holding that the deed must specify as to each description who was the purchaser at the tax sale, or that when there have been several assignees the facts in that regard shall appear; or that, if some of the lands were sold to one person and some to another and that appear, with the names of the purchasers, but without showing the purchaser as to each tract, that is not a substantial compliance with the requirement of the statute that the name of the purchaser at the tax sale shall appear in the deed.

The purpose of the requirement that the name of the purchaser shall appear, is that the deed shall show a legal sale as regards a vendee competent to purchase, and the requirement that the tax deed shall run to an assignee of the certificate is for the purpose of showing that the tax deed issued

to a person entitled to receive it. To help out the latter, when there has been a succession of assignees, we can indulge in the presumption that certain facts exist from the statement of one depending upon them. That, the court decided, may properly be done. *A fortiori*, where several descriptions of land are included in a tax deed, some purchased at the tax sale by one person and some by another, naming the two purchasers in the deed, with words indicating the circumstances of the sale, as in the case before us, but not with sufficient particularity to show who purchased each particular tract, substantially complies with the statute as to naming of the purchasers at the tax sale. In that we rely on the literal meaning of words. Presumptions and rules of construction are really not required.  Everything that naming the purchaser in the tax deed was designed to effect is accomplished by such a deed. It shows that each sale was to a person competent to purchase.

The deed in question, as set forth in the complaint, is free from any serious defect. The demurrer was improperly sustained.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.

BARDEEN, J., took no part.