DUNBAR, Respondent, vs. LINDSAY, Appellant.

*September 11—September 29, 1903.*

*Tax titles: Void deed: Failure to name purchaser: Ejectment by original owner: Limitations: Possession of land: Pleading.*

1. A tax deed reciting in one place that the lands were sold to the grantee, and in another that the certificates were assigned to him, fails to state the name of the purchaser at the tax sale, and is void on its face.
2. Under sec. 1189a, Stats. 1898, as amended by sec. 21, ch. 351, Laws of 1899, the limitation therein prescribed for actions of ejectment as to lands conveyed by tax deed void on its face, is not applicable unless the original owner or those claiming under him has failed to pay or redeem all the taxes levied upon such lands after those for the nonpayment of which the deed was issued, up to the time of the recording of the deed.
3. Where in ejectment for land sold for taxes the complaint alleges that defendant is in possession of the premises and the answer states that defendant has been in undisputed and continuous possession since the recording of his tax deed, evidence that the lands were at all times vacant and unoccupied was inadmissible against objection.
4. Ejectment may be maintained by the original owner against one claiming under a void tax deed, although the land is vacant and the claimant has not had actual possession. *Cutler v. Hurlbut*, 29 Wis. 152, explained.

APPEAL from a judgment of the circuit court for Vilas county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

This is an action of ejectment. The complaint was in the usual form. The answer denied plaintiff's ownership of the land in question, and also any unlawful holding thereof by the defendant. The answer further set up ownership by the defendant by virtue of a tax deed executed and recorded May 23, 1898, and alleged that more than three years had elapsed since the recording of the deed before the commencement of this action. The answer also alleged payment of taxes by the defendant for the years 1896 to 1901, inclusive, and that the

defendant had been in undisputed and continuous possession of the property in question since the recording of the tax deed.

Upon the trial before a jury the plaintiff proved record title in himself and rested. Thereupon the defendant offered in evidence a tax deed describing the property in question, a copy of which is as follows:

"To all to whom these presents shall come, greeting: Whereas, William Lindsay of Milwaukee, Wisconsin, has deposited in the office of the county clerk of the county of Vilas, in the state of Wisconsin, seven certificates of the county treasurer of the said county, whereby it appears, as the fact is, that the following described piece or parcel of land lying and being situated in the county of Vilas, to wit [description of lands], were, for the nonpayment of taxes, sold by the county treasurer of said county at public auction at his office in Eagle River, in the county of Vilas, on the 21st day of May, in the year of our Lord one thousand eight hundred and ninety-five, to the said William Lindsay for the sum of $45.83 in the whole, which sum was the amount of taxes assessed and due and unpaid on such tract of land, together with the costs and charges of such sale due therewith at the time of making such sale, the whole of which sum of money has been paid by the aforesaid purchaser, and whereas, it further appears, as the fact is, that the owners or claimants of said lands have not redeemed from said sale the lands which were sold as aforesaid and said lands are now unredeemed from such sale, whereby said described lands have become forfeited and the said purchaser or his assigns are entitled to a conveyance thereof, and whereas, it appears, as the fact is, that the aforesaid certificates have been duly assigned by the said ———— to the said Wm. Lindsay: Now, therefore, know all men by these presents, that the county of Vilas in said state and the state of Wisconsin, in consideration of the said money aforesaid and the premises and in conformity to law, hath given and hereby doth give, grant and convey the said tracts of land above described, together with the hereditaments and appurtenances, to the said Wm. Lindsay, and to his heirs and assigns, to their sole use and benefit forever.

"In testimony whereof, I, John Radcliff, deputy county clerk of the said county of Vilas, have executed this deed pursuant to and in virtue of the authority in me vested by the statutes of the state of Wisconsin, and for and on behalf of the said state and county of Vilas aforesaid, and have hereunto subscribed my name officially and affixed the seal of the said Vilas county at Eagle River in said county of Vilas this 23d day of May, in the year of our Lord one thousand eight hundred and ninety-eight. .

"[Signed]　　　　　　　　B. F. HAMMOND,
　　　　　　"County Clerk of Vilas County, Wis.
"[County Seal.]　　By JOHN RADCLIFF, Deputy.
　　"Done in presence of
　　　"D. E. RIORDAN,
　　　"GEORGE E. O'CONNOR."
Acknowledged and duly recorded May 23, 1898.

The defendant also proved the payment of taxes upon the land for a number of years, and offered other evidence, which is not material to the questions raised upon this appeal. At the close of the evidence the circuit judge directed the jury to return a verdict in favor of the plaintiff, and afterwards made an order requiring the plaintiff to deposit in court the amount of taxes paid by the defendant, with interest, which having been done, judgment was entered in favor of the plaintiff, with costs, and from this judgment the defendant appeals.

*J. E. Wildish,* for the appellant.

*A. W. Sanborn,* for the respondent.

WINSLOW, J. The circuit judge rightly held the defendant's tax deed void on its face. By one recital the tax deed declares that the lands were sold to the defendant, and by another recital that the certificates were assigned to the defendant. Thus it appears that it cannot be ascertained from the face of the deed to whom the lands were sold; in other words, it fails to state the name of the purchaser at the tax sale.

This defect has always been held to render the deed void. *North v. Wendell,* 22 Wis. 431; *Eaton v. Lyman,* 33 Wis. 34; *Hunt v. Stinson,* 101 Wis. 556, 77 N. W. 901.

The appellant claims that if the tax deed be void the action was barred by sec. 1189a, Stats. 1898, as amended by sec. 21, ch. 351, Laws of 1899. This claim, however, cannot prevail, because it appears that the respondent (the original owner) on the 27th day of November, 1899, duly redeemed the lands in question from the taxes for the years 1896 and 1897; hence, under the proviso in the section cited, it does not apply.

. Another claim was made by appellant for the first time in this court, namely, that if the tax deed be void on its face it did not confer constructive possession upon the tax title claimant; that the evidence showed that the lands were at all times vacant and unoccupied, and hence that ejectment could not be maintained against the tax title claimant, because he had never been either in actual or constructive possession of the premises. In support of this contention *Cutler v. Hurlbut,* 29 Wis. 152, is relied upon. There are at least two sufficient answers to this contention: *First.* It is alleged in the complaint that the defendant is in possession of the premises, and the answer states that the defendant has been in undisputed and continuous possession since the recording of his tax deed, and has made improvements thereon. Thus the fact of defendant's actual possession is established by the pleadings, which have never been amended. The evidence showing that the lands were vacant was all given under the plaintiff's objection, and was clearly inadmissible to controvert a fact which stood admitted by the pleadings. *Second.* The case of *Cutler v. Hurlbut* does not hold that ejectment may not be maintained by the original owner against a claimant under a void tax deed where the lands are vacant, but rather the reverse. That case was an action of ejectment by the original owner against a tax title claimant whose deed

omitted the words "as the fact is" in the various recitals. The trial court directed a verdict for the defendant, and refused to instruct as requested by the plaintiff, to the effect that if neither the grantee nor his assigns entered into actual possession of the premises within three years after the tax deed was recorded, and had not been in actual possession for ten years before the commencement of the action, the verdict must be for the plaintiff. Upon appeal to this court there was a division of opinion as to the rights of the parties under the deed. All of the justices were of opinion that if the tax deed was void the instruction refused should have been given. Justice LYON was of opinion that the tax deed was valid, and hence the verdict was properly directed for the defendant. Chief Justice DIXON and Justice COLE were of opinion that the tax deed was void, but the chief justice thought the judgment should be affirmed, because the bill of exceptions did not purport to contain all of the evidence, and hence no affirmative error was shown in the order directing a verdict. Justice COLE dissented from the judgment, being evidently of the opinion that the case should be reversed for failure to give the instruction mentioned above. Thus it is evident that upon the point now raised the court in effect held that ejectment could be maintained against a tax title claimant under a void tax deed who had not had actual possession. We see no reason to change the rule there impliedly, if not expressly, adopted.

*By the Court.*—Judgment affirmed.