WASHBURN LAND COMPANY, Appellant, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Respondent.

*February 2—February 21, 1905.*

*Tax deeds: Form: Compliance with statutory requirements: Record.*

1. Substantial adherence to the statutory form of tax deed is all that is necessary; but the omission of any material requirement of that form, which is not supplied by necessary inference from the other parts of the deed, is a fatal defect.
2. When the opening recital in a tax deed, as to whether the applicant therefor presented himself as the purchaser at the tax sale or as assignee of the certificate, contradicts the later part where the name of the purchaser is required to appear, the instrument fails to show with reasonable certainty who was in fact such purchaser and that the applicant for the deed was entitled thereto, and is fatally defective.
3. A recital in a tax deed that the tax sale was made at the office of the county treasurer in Bayfield county, sufficiently shows that the sale was at a public place at the seat of justice of the county, as required by sec. 1130, Stats. 1898.
4. A tax deed covering a large number of tracts consisted of several printed forms attached together, all the printed portions except that preceding the space for description of land in the first form and that following said space in the last form being erased so as to leave sufficient space for writing in all the descriptions. *Held*, that this did not render the deed defective nor the record thereof, in similar form, insufficient.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action to quiet title to real estate. Plaintiff's title was based on a tax deed. The case turned on whether such deed was void upon its face. The decision was favorable to the defendant and judgment was rendered in its favor. The findings are, in substance, these:

The deed was in the statutory form, except in the following particulars: The instrument recited that A. C. Probert, assignee of Bayfield county, deposited the certificates, etc.,

while at the proper place for specifying the name of the pur-
chaser at the tax sale occurred the statement that such pur-
chaser was A. C. Probert. The deed recited that the sale was
made at the county treasurer's office in Bayfield county. It
contained 151 descriptions. The record thereof in the office
of the register of deeds of Bayfield county was made, in the
book of printed forms in use for the recording of such deeds,
by using eight of such forms. The printed portion of the
first form preceding the blank space for descriptions was
filled up properly. The printed portion of such form after
such space was erased by making a red cross over the same.
All of the printed portions of the succeeding six forms and
the printed portion of the eighth form preceding the space
designed for descriptions were erased in like manner. In
the blank spaces in the eight forms designed for descriptions
those in the deed in question were written, and the printed
part of the eighth form following the space designed for de-
scriptions was properly filled up. Excluding all those por-
tions of the several forms erased, what was left, so far as con-
cerns the erasures, constituted a complete copy of a valid tax
deed.

A. W. McLeod, for the appellant.

For the respondent there was a brief by Tomkins, Tomkins
& Garvin, and oral argument by W. M. Tomkins.

MARSHALL, J.  At the trial respondent claimed the tax
deed to be fatally defective on its face in three particulars.
While the disposition of this appeal requires consideration
of but one of them it seems best to refer briefly to each.

At the outset it must be kept in mind that while the statute
prescribes the form to be used in making a tax deed, and ad-
herence thereto with considerable strictness has been uni-
formly held to be necessary, neither by its terms nor as con-
strued by the decisions does the statute call for strict compli-
ance. Substantial compliance is all that is required. Sec.

1178, Stats. 1898; *Hunt v. Stinson,* 101 Wis. 556, 77 N. W. 901. What constitutes such compliance is not always easy to determine, and the decisions are not in the most perfect harmony in respect thereto. There was an effort made in *Hunt v. Stinson, supra,* to bring them together and to weed out uncertainties, but it seems without entire success. The decisions to the effect that an omission from a tax deed of any material feature of the statutory form is fatal thereto were firmly adhered to, but at the same time it was shown that a somewhat more liberal rule governs the matter than would seem to be the case from a reference to some of the early decisions. Those declaring that the omission of a material feature of the statutory form, rendered harmless by other parts of the deed, in that the real fact designed to be shown by the omitted feature is suggested by necessary inference from other parts of the deed, does not affect the validity of the instrument, were approved. It was said that omissions and blunders that do not prejudice or deceive any one or affect the substance of the conveyance do not militate against the rule of substantial accuracy required by the statute. That was said to be the rule of *Austin v. Holt,* 32 Wis. 478; *Orton v. Noonan,* 25 Wis. 672; *Cousins v. Allen,* 28 Wis. 232; *Hotson v. Wetherby,* 88 Wis. 324, 60 N. W. 423; *Milledge v. Coleman,* 47 Wis. 184, 2 N. W. 77; and that they were consistent with *Krueger v. Knab,* 22 Wis. 429; *North v. Wendell,* 22 Wis. 431; *Eaton v. Lyman,* 33 Wis. 34. Doubtless it is true that such cases are in harmony as regards stating the general principle, but they are not in all respects in harmony in the illustrations they afford of its scope.

The statutory form has three significant features material to this case. In the opening lines it requires the deed to show whether the applicant therefor presents himself as the original owner of the certificate or as assignee. This arrangement of words is used in that regard: "Whereas, ——— (or assignee of ———) has deposited," etc. There can be no

mistaking the legislative purpose thereof. After the blank space designed to be filled up with the descriptions, and in as close connection therewith as practicable, there is a blank to be filled up with the name of the purchaser at the tax sale. It would seem, as an original proposition, that the legislative purpose was to have the deed show upon its face whether the applicant was the person entitled to receive the same, either as original holder of the tax certificate or assignee, and whether the purchaser at the tax sale was a person competent to purchase. Preceding the feature last mentioned there are blanks designed to be filled up so as to show that the lands were sold at the place required by sec. 1130, Stats. 1898, this arrangement of words being used to that end: "For the nonpayment of taxes, sold by the ——— at public auction at ———, in the county of ———, on the ——— day of ———, in the year of our Lord one thousand eight hundred and ———, to the said ———," etc.

As indicated in the statement the first statutory requisite in the deed in question was responded to in this wise: "Whereas, A. C. Probert, assignee of Bayfield county, has deposited," etc., while the blank space specially designed for the name of the purchaser was filled up by writing in "A. C. Probert." It is claimed that thereby A. C. Probert is declared to be assignee of Bayfield county of the certificate, and also the purchaser at the tax sale, so that no one can tell to a reasonable certainty who in fact was such purchaser, or whether Probert was in fact the person entitled to receive the deed, thus rendering it void upon its face. The court, it seems, so held, following Dunbar v. Lindsay, 119 Wis. 239, 96 N. W. 997. Respondent insists that such case is the ruling authority on the question presented, while appellant confidently insists that a similar defect was distinctly declared to be immaterial in Austin v. Holt, 32 Wis. 478; that the decision has stood the test of over twenty-five years without having been criticised, unless it be in Dunbar v. Lindsay, and

that the latter case is distinguishable from the former. The late case was based on *North v. Wendell, supra,* which was ruled by a case decided substantially at the same time. *Krueger v. Knab, supra.* Such late case and the two earlier ones seem to be in substantial harmony, while the former seems to be out of harmony with *Austin v. Holt, supra,* upon which counsel relies. That case was not referred to in *Dunbar v. Lindsay,* and *Krueger v. Knab* and *North v. Wendell* seem to have been both overlooked when *Austin v. Holt* was decided, while at the next term after the decision in *Austin v. Holt, Eaton v. Lyman, supra,* was decided, in which *Austin v. Holt* was not referred to, but the two earlier cases were and approved. When we came to *Hunt v. Stinson, supra,* having in mind only the general principle that substantial compliance with the statutory form is all that is required, it was said that all the cases mentioned were in harmony. Later in *Dunbar v. Lindsay, supra, North v. Wendell, Eaton v. Lyman,* and *Hunt v. Stinson* were cited and followed as ruling authorities.

More detailed reference to the above mentioned cases is necessary in order to determine definitely the points of conflict between them, and which should be regarded as ruling the proposition under consideration. We must make the examination, keeping in mind the general principle stated that the omission of a material requirement of the statutory form, which is not supplied by necessary inference from the other parts of the deed, is a fatal defect. The court gave a very wide range to that doctrine in *Hunt v. Stinson.* While approving previous decisions to the effect that a tax deed must show who was the purchaser at the tax sale, and whether the applicant for the deed was the one entitled to receive the same, either as such purchaser or as assignee, the court held that where there has been a succession of assignees the omission to state them, showing a chain of title reaching from the purchaser at the sale to and including the applicant for the deed,

is not material if the deed shows that the applicant deposited the certificate as assignee, since that, by implication, states that he holds the same by title derived from the original purchaser, either direct or through a succession of assignments.

In *Krueger v. Knab, supra,* the opening recital in the deed was in these words: "Whereas, Edward Krueger, of the city of Milwaukee, has deposited," etc., suggesting by necessary inference that Krueger was the purchaser at the tax sale. At the proper place for specifying by express words who was such purchaser it was given as the "city of Milwaukee." Thus the inference at the start was rebutted by such express statement, leaving nothing to show whether Krueger was entitled to receive the deed or not, and it was held to be fatally defective.

What form of deed was used in *North v. Wendell, supra,* we are unable to state. The cases and briefs used upon the argument are not within our reach. The facts in regard to the other cases are obtained partly by reference to the printed cases and briefs, and partly by reference to the published decisions. It is assumed from language in *North v. Wendell* that the deed there was in precisely the same form as in *Krueger v. Knab.*

In *Austin v. Holt* the opening recital was in these words: "Whereas, Herman Johnson, assignee of Oconto county, has deposited," etc., and in the proper place for the name of the purchaser at the tax sale were written the words "Oconto county." Later at the end of the recital, where there was no blank required to be filled up, and following the words "aforesaid purchaser" which were designed in the form to refer back to the name previously written in the blank, the name "Herman Johnson" was written so that the deed read this wise: "Sold . . . to the said Oconto county . . . the whole of which sum of money has been paid by the aforesaid purchaser, Herman Johnson." The court said that the interpolation was an obvious and harmless mistake; that it corrected itself when

read in connection with other parts of the deed, since they showed distinctly that the purchaser at the tax sale was Oconto county, and that Herman Johnson presented himself as the proper party to receive the tax deed as the assignee of said county. The matter was disposed of in a very few words without any reference being made to previous decisions of the court. Since the name "Herman Johnson" was industriously added to the printed form where there was no call for any writing to appear, the reasonable probability was, it would seem, that Johnson was the purchaser. One would think that the person who draughted the deed must have made the interpolation much more considerately than he filled the blank. We cannot see that the decision is in harmony with *Krueger v. Knab,* 22 Wis. 429, and *North v. Wendell,* 22 Wis. 431.

In *Dunbar v. Lindsay,* 119 Wis. 239, 26 N. W. 997, the opening recital was the same as in *Krueger v. Knab.* When it came to the statement of who was the purchaser at the tax sale the blank was filled up consistent with what had preceded, the same as in *Austin v. Holt,* 32 Wis. 478; then, as in that case, there was an interpolation made, which was in its entirety a departure from the statutory form, viz.: "Whereas it appears, as the fact is, that the aforesaid certificates have been duly assigned by the said ———— to the said William Lindsay." So the deed at the outset spoke of William Lindsay, inferentially, as the purchaser at the tax sale. Later at the proper place he was said to be such purchaser, and by the added clause he was said to be the holder of the certificates from some unnamed party. It will be seen that the defect was more like that in *Austin v. Holt* than that in *Krueger v. Knab* and *North v. Wendell.* The court held that it was fatal, on the authority of the last two cases and *Hunt v. Stinson,* 101 Wis. 556, 77 N. W. 901, which had been recently decided.

Now here we have a case where the opening statement of the deed is inconsistent with the name of the purchaser at the tax sale, where that is required to be expressed. The two fea-

tures are not in harmony followed by an inconsistent clause, as in *Austin v. Holt* and *Dunbar v. Lindsay*, but the blank space for the name of the purchaser is so filled as to be inconsistent with the opening recital. The defect, though not of the nature of that in *Krueger v. Knab*, is such a near approach thereto that there is no escaping the conclusion that it is fatal, because the name of the purchaser at the tax sale is not definitely stated in the deed, as designed by the statutory form, and does not otherwise appear by necessary inference, and the same doubt exists in respect to whether the applicant for the deed was entitled to receive the same, unless we are to overrule *Krueger v. Knab*, *North v. Wendell*, *Dunbar v. Lindsay*, and *Hunt v. Stinson*. It seems that the want of harmony in the decisions to which we have referred is caused by failure in *Austin v. Holt* to properly apply the principles of preceding cases. That case should not rule regardless of whether it is right or not as an original matter, upon the ground that it has become a rule of property, since it does not seem to have been followed, but rather to have been discredited from very soon after it was decided to the present time, although not by direct reference.

From the foregoing we deduce this: When the opening recital in a tax deed, as to whether the applicant therefor presented himself as the purchaser at the tax sale, or as assignee of the certificate, contradicts the part where the name of the purchaser is required to appear later in the deed, the instrument fails to show with reasonable certainty who was in fact such purchaser and that the applicant for the deed was entitled thereto, and is fatally defective.

The suggestion that the deed is void because the recital therein is to the effect that the tax sale was made at the office of the county treasurer in Bayfield county, instead of at the county seat of such county, does not seem to have merit. Sec. 1130 provides that a tax sale must be held at the seat of justice of the county. The form contains a blank designed to

be filled up so as to show that fact by this arrangement of words: "Sold . . . at public auction at ———, in the county of ———." Obviously any method adopted for filling the blank spaces which will, by necessary inference, indicate compliance with sec. 1130, Stats. 1898, is all that is required. Since the office of the county treasurer must necessarily be at the county seat, to state that the sale was conducted at the county treasurer's office in the county is equivalent to stating that it was conducted at a public place at the seat of justice of the county.

The claim that the record of the deed is defective and shows that the instrument was also because, for convenience, several forms were attached together, all the printed portions, except that preceding the blank space for writing in descriptions in the first form, and that following it in the last form, being erased so as to leave sufficient space to write all the descriptions, hardly deserves more than passing notice. The parts erased, of course, form no part of the deed, nor of the record, and the parts left, aside from the fatal defect to which we have alluded, make a complete deed.

*By the Court.*—The judgment is affirmed.