DOOLITTLE, Respondent, vs. J. L. GATES LAND COMPANY,
Appellant.

*February 2—February 19, 1907.*

*Tax titles: Form of tax deed: Substantial compliance with statute:
Priorities: Later deed based on earlier sale: Ejectment: Con-
dition of recovery as against defective tax title.*

1. A tax deed reciting that "W., assignee of the several tax cer-
    tificates, as stated below, has deposited sixteen certificates,"
    etc.; containing a partial transcript of the certificates, giving
    descriptions of the lands, amount of the tax on each tract,
    and after each description the name of a person under the
    heading "Buyer of certificate at tax sale;" and further recit-
    ing that said tracts were separately sold for the nonpayment
    of taxes "to the said several purchasers," is *held* to be in sub-
    stantial compliance with sec. 1178, Stats. (1898), and to show
    sufficiently that W. was the assignee of the original purchasers
    or intermediate owners of the certificates, and also who were
    the purchasers of the lands at the tax sales.
2. Title under a tax deed is not cut off by a later tax deed based
    on a tax sale prior to that on which the earlier deed was
    based.
3. Where plaintiff in ejectment is entitled to recover by force of a
    paramount title founded on a tax sale later than the tax sale
    on which defendant's claim is based, or because the land had
    been redeemed from a tax sale before the tax deed thereon
    was issued to defendant, he is not entitled to recover "by rea-
    son of a defect or insufficiency of any tax deed under which
    the defendant claims title," and should therefore not be re-
    quired, under sec. 3087, Stats. (1898), to pay to defendant the
    taxes paid by the latter.

APPEAL from a judgment of the circuit court for Eau
Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

Action in ejectment.

Plaintiff's title is derived from Jennie A. White, who May
4, 1900, received and recorded a tax deed from Eau Claire
county based on the tax certificate dated May 19, 1896, for

the taxes of 1895.    Jennie A. White is described in the tax deed from the county as "assignee of the several tax certificates, as stated below," and below the two parcels of land making up the lands in suit are described as follows:

| Description. | Amt. | Buyer of cert. at tax sale. |
|---|---|---|
| [First fourteen descriptions omitted.] | | |
| NW. ¼ SE. ¼ sec. 18, T. 27, R. 7. | $7.05 | M. B. Hubbard. |
| SW. ¼ SE. ¼ sec. 18, T. 27, R. 7. | $7.25 | F. C. Allen. |

Defendant claims title founded on the following deeds: Tax deed issued November 26, 1897, on the tax-sale certificate of May 15, 1894, for the taxes of 1893; tax deed issued September 26, 1900, òn the tax-sale certificate of May 21, 1895, for the taxes of 1894; tax deed issued September 26, 1900, on the tax-sale certificate of May 18, 1897, for the taxes of 1896.    It appears that on May 29, 1900, the taxes were paid by plaintiff's grantee and the lands redeemed from the sale of May 18, 1897, for the taxes of 1896, on which the last above described deed issued.    The evidence showed that the taxes for the years subsequent to the year for which they were redeemed by plaintiff were paid without becoming delinquent.    The court refused to order payment to defendant of the taxes assessed on the lands and paid by defendant after it had received a tax deed on a certificate which had been redeemed by plaintiff. This is an appeal from the judgment in favor of plaintiff.

For the appellant the cause was submitted on the brief of *L. M. Sturdevant,* and for the respondent on that of *L. A. Doolittle.*

SIEBECKER, J.    The court held that plaintiff had established title to the premises.    This holding is attacked on the ground that the tax deed to Jennie A. White is void on its face in failing to state that she is the assignee of the original purchaser of the tax-sale certificates on which the deed issued and because the names of such purchasers are not given in the deed.    In the recent case of *Washburn L. Co. v. C., St. P., M.*

& O. R. Co. 124 Wis. 305, 102 N. W. 546, upon review of preceding decisions on this subject, it was stated:

"While the statute prescribes the form to be used in making a tax deed, and adherence thereto with considerable strictness has been uniformly held to be necessary, neither by its terms nor as construed by the decisions does the statute call for strict compliance. Substantial compliance is all that is required. Sec. 1178, Stats. (1898)."

It is urged that nothing appears to show that the grantee in this deed was the assignee of the certificates on which the deed issued. The recital in the deed, "Whereas, Jennie A. White, assignee of the several tax certificates, as stated below," clearly indicates that she is the assignee and holder of the designated certificates, and, in the absence of any showing to the contrary, it must be presumed that the certificates were in fact assigned to her and that the original purchasers parted with them in a lawful manner. This makes her the assignee of such purchasers or of some intermediate owner. The statement in the deed that she had deposited the certificates as assignee is sufficient to meet the calls of the statute, in view of the fact that the recital of the deed specifically refers to the purchaser described in the body of the deed.

It is claimed, however, that the purchasers are not so named in the deed. The deed contains a partial transcript of the certificates, giving descriptions of the lands, amount of tax, and after each description the name of a person as the "Buyer of certificate at tax sale." It is obvious that the person so named as "buyer" refers to the purchaser of the lands at the tax sale. We see no force in the argument that such designation may refer to a person other than the purchaser at the sale of the lands. The language in the deed, "buyer of certificate at tax sale," manifestly refers to the purchasers of the land at such sale and must be so regarded. This interpretation also makes plain the subsequent words inserted in the prescribed form of deed in place of the purchaser, namely, "to the said

several purchasers." These words are descriptive of the persons purchasing at the tax sale, and refer to the persons named under the designation "Buyer of certificate at tax sale." These descriptions of the purchasers of the lands are sufficiently definite under sec. 1178, Stats. (1898), show with sufficient definiteness that there was a sale of the lands for delinquent taxes to the persons named, and furnish the means from which it can be ascertained who the vendees were and whether they were competent to buy.

Plaintiff's title rests on a tax deed of May 4, 1900, recorded the same day and issued on the certificate of May 19, 1896, for the taxes of 1895. Defendant asserts a subsequently acquired title under a tax deed of September 26, 1900, issued on the tax certificate of May 21, 1895, for the taxes of 1894. It is asserted that since defendant's deed is of a later date than plaintiff's deed, based on a tax sale antedating the tax sale on which plaintiff's tax deed issued, it vests defendant with a paramount title. Upon what principle plaintiff's title can be cut off by a deed on a prior tax-sale certificate is not apparent. The controlling principle as to tax titles is that, whenever any claim based on a tax sale ripens into a title under a tax deed issued thereon, it cuts off all prior claims, liens, and interests in the land, and persons claiming under them are barred and retain no rights or interest in the lands as against such subsequent tax title. See *Cole v. Van Ostrand, post,* p. 454, 110 N. W. 884.

Defendant contends that it was error, under the provisions of sec. 3087, Stats. (1898), not to direct as a condition of recovery that plaintiff pay defendant all taxes paid by defendant, with interest and charges, whether levied prior or subsequent to the taxes on which plaintiff's tax title rests. It will be observed that this section grants such relief only "when the plaintiff is entitled to recover by reason of a defect or insufficiency of any tax deed under which the defendant claims title or in the proceedings prior to the sale upon which such tax

deed was issued." Defendant, under his tax deeds, fails, by force of plaintiff's paramount title, to establish any claim under the statutes through deeds based on tax sales prior to the sale on which plaintiff's title is founded, as above stated, and as to its last deed it failed because the tax on which its deed issued had been theretofore paid and the land thereby redeemed from such charge and lien. Neither infirmity in defendant's claim of title comes within the specifications of this section rendering plaintiff liable to pay defendant the amount of delinquent taxes on the land together with accrued interest and charges, and therefore no grounds are shown for a recovery of them in this action. The court properly awarded judgment. .

*By the Court.*—Judgment affirmed.