BAKER LAND & TITLE COMPANY, Appellant, vs. BAYFIELD COUNTY LAND COMPANY, Respondent.

*February 2—February 22, 1916.*

*Tax titles: Affidavit of publication of notice of sale: Filing with county clerk: Presumption of filing by treasurer: Effect of filing before instead of after sale: Preservation of evidence.*

1. Where the printer's affidavit of publication of notice of a tax sale was filed with the county clerk after the last publication but before the sale it will be presumed to have been so filed by the county treasurer.
2. The fact that the treasurer filed such affidavit with the clerk before the sale instead of immediately after it as required by sec. 1141, Stats., did not avoid the sale or the tax deed based thereon.
3. Statutes relating to the preservation of evidence, even in tax proceedings, are complied with when the evidence is preserved with the proper custodian and in the proper manner and within the proper time, although several days ahead of the last day fixed for such filing and preservation.

APPEAL from a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *E. C. Alvord,* and for the respondent on that of *John Walsh.*

TIMLIN, J.    In this action of ejectment the defendant answered denying the plaintiff's title and setting up his own title to the premises in suit by virtue of five separate deeds, which title he asked to have quieted by decree.    The last of these deeds, recorded May 20, 1914, less than three years before action commenced, the court found to be valid and that it conveyed the title of the land to the defendant, and decreed as requested by defendant.    The only point made against that deed is that the date of the last publication of the notice of the tax sale on which the deed was founded was May 4, 1911; the printer's affidavit of such publication was filed with the county clerk on May 5, 1911; and the date of the tax sale was May 16, 1911.    The land is vacant and unoccupied.    Sec. 1141, Stats., provides that the treasurer shall, immediately after the close of the sale of lands for taxes, deposit in the office of the county clerk all affidavits, notices, etc., in relation to such tax sale, to be filed and preserved in the county clerk's office.    Sec. 1132 provides that the printer shall transmit his affidavit of publication to the treasurer and the treasurer shall carefully preserve such affidavit and deposit it with the county clerk as above stated.    The county treasurer testified that he received from the printer the affidavit and filed the same with the clerk.    We need not pass on the competency of this testimony, for the same fact would be inferred from the record in the absence of such testimony. No statute requires the affidavit to be filed with the county treasurer.    Had the treasurer received the printer's affidavit on the 5th of May and held it in his possession until after the sale took place and then filed it with the county clerk, there would have been a literal compliance with the statute.    The affidavit was found in the custody of the proper officer, filed by him in his office on May 5, 1911, and the tax deed was presumptive evidence of the regularity of the prior proceedings. Sec. 1176.    The regular way is for the treasurer to file it with the clerk; the irregular way is to have some other per-

son do so.   All is regular not affirmatively shown to be irregular.   We must presume that the affidavit was filed with the county clerk by the county treasurer.   Does the fact that the treasurer filed the affidavit with the clerk on May 5th before the sale instead of on May 17th after the sale avoid the sale or avoid the tax deed issued on such sale?   The requirement that the treasurer file the specified papers with the clerk after the sale is doubtless for the purpose of preserving a record of the proceedings prior to and upon the sale.   This purpose is subserved by filing the printer's affidavit of publication after the time for the last publication has expired and before the sale but within the requisite time after the last publication, although less than four weeks since the date of the last publication.   The county treasurer does not derive his authority to make the sale from this affidavit.   He acts under a statutory power which requires for its valid exercise a performance of all conditions precedent.   The requirement above mentioned is not such a condition.

Statutes relating to the preservation of evidence, even in tax proceedings, are complied with when the evidence is preserved with the proper custodian and in the proper manner and within the proper time, although several days ahead of the last day fixed for such filing and preservation.   No other point is made by the appellant.   *Allen v. Allen,* 114 Wis. 615, 91 N. W. 218; *Gould v. Killen,* 152 Wis. 197 (139 N. W. 758) and cases collected at p. 206.

*By the Court.*—Judgment affirmed.